UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAVAN JERRELLE WILSON, SR.,

     Plaintiff,                                       Case No. 2:23-cv-11666
                                                         District Judge David M. Lawson
v.                                                       Magistrate Judge Kimberly G. Altman

NATHANAEL SMITH, BRIAN
SHIPMAN, JEROME WARFIELD,
SR., CRISSA BLACKENBURG,
TIMOTHY FLANAGAN, and JOHN
DOE,

     Defendants.
_____/


## REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION (ECF No. 11)[1]

### I.    Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983.  Plaintiff Javan

Jerrelle Wilson, Sr. (Wilson), proceeding *pro se*, is suing defendants Nathanael

Smith, Brian Shipman, Jerome Warfield, Sr., Crissa Blankenburg, Timothy

Flanagan, and John Doe.  In broad terms, Wilson is challenging his classification

---

[1] Upon review of the motion, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

as a sex offender and denial of parole in violation of his rights under the Fourteenth Amendment.  *See* ECF No. 1.  Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned.  (ECF No. 13).

Before the Court is Wilson's motion for a preliminary injunction.[2]  (ECF No. 11).  He says that he is suffering from stigma caused by being improperly classified as a sex offender and that this classification is preventing his release from prison.  (*Id*., PageID.51-52).  For the reasons set forth below, the undersigned RECOMMENDS that the motion be DENIED WITHOUT PREJUDICE.[3]

## II.    Discussion

Under Federal Rule of Civil Procedure 65(a)(1), "[t]he court may issue a preliminary injunction only on notice to the adverse party."  No defendant has appeared in this case to date, and the docket reflects that the U.S. Marshals Service did not mail waivers of service to defendants until September 5, 2023.  *See* ECF No. 15.  Moreover, the docket does not reflect that Wilson gave defendants notice

---

[2] The Court previously indicated that it would wait to consider Wilson's motion for a preliminary injunction until defendants had the opportunity to file responses. (ECF No. 14, PageID.59).  However, the Court has now determined that it is appropriate to consider the motion at this time.

[3] Motions for preliminary injunctions are dispositive, so the undersigned must proceed by Report and Recommendation under 28 U.S.C. § 636(b)(1)(B).  *See Cook v. St. John Hosp. & Med. Ctr.*, No. 10-10016, 2010 WL 4137524, at *1 n.1 (E.D. Mich. Aug. 3, 2010), *report and recommendation adopted*, 2010 WL 4341192 (E.D. Mich. Oct. 27, 2010).

of his request for a preliminary injunction.

Because Wilson did not provide notice to defendants as required under Rule 65, the extraordinary relief of a preliminary injunction is unwarranted.  *See Simmons v. City of Southfield*, No. 19-11726, 2020 WL 1868774, at *6 (E.D. Mich. Jan. 27, 2020), *report and recommendation adopted*, 2020 WL 1866096 (E.D. Mich. Apr. 14, 2020) (finding that a plaintiff's "motions [for a preliminary injunction and a temporary restraining order] are improper because she did not certify attempts at service or explain why notice of the motion should be dispensed with.").  Accordingly, Wilson's motion should be denied without prejudice.

### III.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Wilson's motion for a preliminary injunction, (ECF No. 11), be DENIED WITHOUT PREJUDICE.

Dated: September 7, 2023               s/Kimberly G. Altman
Detroit, Michigan                      KIMBERLY G. ALTMAN
                                       United States Magistrate Judge


### NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of

appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the court determines that any objections are without merit, it may rule without awaiting the response.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 7, 2023.

<u>s/Carolyn Ciesla</u>
CAROLYN CIESLA
Case Manager

5