UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAVAN JERRELLE WILSON, SR.,

        Plaintiff,                  Case Number 23-11666
v.                                                        Honorable David M. Lawson
                                                        Magistrate Judge Kimberly G. Altman
NATHANAEL SMITH, JOHN DOE, BRIAN
SHIPMAN, JEROME WARFIELD, SR.,
CRISSA BLANKENBURG, and TIMOTHY
FLANAGAN,

        Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTION
TO ORDER DENYING THIRD MOTION TO APPOINT COUNSEL**

This matter is before the Court on the plaintiff's objection to the magistrate judge's order denying his third motion to appoint counsel.  In this prisoner civil rights case, the plaintiff alleges that he improperly was classified as a sex offender despite never having been convicted of a sex offense.  On December 6, 2023, Magistrate Judge Kimberly G. Altman denied without prejudice the plaintiff's request the appointment of counsel, observing that the plaintiff "ha[d] not alleged a unique or exceptional need for counsel at this time."  ECF No. 32.  On December 19, 2023, the plaintiff filed an objection, reiterating his belief that he is entitled to appointed counsel, noting that he had been assisted by attorney Frank J. Lawrence, Jr. already in this matter, and citing *Harper v. Arkesteyn*, No. 19-11106 (E.D. Mich.), where *pro bono* counsel was appointed.  On February 26, 2024, attorney Lawrence entered an appearance as counsel for the plaintiff.

Under 28 U.S.C. § 636(b)(1), a magistrate judge has the authority "to hear and determine any pretrial matter pending before the court," with the exception of certain dispositive motions.  28 U.S.C. § 636(b)(1)(A).  Federal Rule of Civil Procedure 72 allows parties fourteen days after service of an order entered by a magistrate judge to file their objections to the order.  Fed. R. Civ.

P. 72(a).  The act of filing objections, however, does not stay the force of the magistrate judge's order, which "remains in full force and effect."  E.D. Mich. LR 72.2.  Upon receiving objections, the Court reviews an order by a magistrate judge on a nondispositive matter to determine whether the decision is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).  A decision is clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  Where there are two plausible views, a decision cannot be "clearly erroneous."  *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).

There was no clear error in the magistrate judge's order denying appointed counsel.  Wilson still provides no explanation of any exceptional circumstances in this matter entitling him to court-appointed counsel.  In any event, the Court observes that the plaintiff now has obtained the assistance of counsel, and vigorous motion practice continues before Judge Altman, rendering the plaintiff's objection moot.  The Court therefore will overrule the plaintiff's objection to Judge Altman's order.

Accordingly, it is **ORDERED** that the plaintiff's objection to the magistrate judge's order denying his third motion to appoint counsel (ECF No. 32) is **OVERRULED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   March 28, 2024