UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAVAN JERRELLE WILSON, SR.,

                Plaintiff,                         Case Number 23-11666
                                                          Honorable David M. Lawson
v.                                              Magistrate Judge Kimberly G. Altman

NATHANIEL SMITH, BRIAN SHIPMAN,
JEROME WARFIELD, SR., CRISSA
BLANKENBURG, and TIMOTHY FLANAGAN,

                Defendants.

_____/

**OPINION AND ORDER OVERRULING OBJECTIONS,
ADOPTING REPORT AND RECOMMENDATION, AND
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

In this civil rights lawsuit, Michigan inmate Javan Jerrelle Wilson, Sr. alleges that his procedural due process rights were violated when he was classified by prison officials as a "sex offender" and compelled to participate in "sex offender programming" in order to obtain release on parole.  In later filings, he raised additional claims that ongoing requirements for participation in similar programming after he was released on parole posed further due process problems.  While the litigation was underway, Wilson was released on parole, but he subsequently was returned to prison based on parole violations unrelated to the claims in this case.  It appears to be undisputed that the plaintiff's situation since he was remanded to custody aligns with the allegations pleaded in the initial complaint, where he has, once again, been subjected to a "recommendation" to participate in sex offender programming to improve his likelihood of parole — which the plaintiff contends in practice amounts to a *de facto* requirement for participation.

Early in the proceedings, the defendants filed a motion to dismiss, and Wilson filed motions for summary judgment and for issuance of a preliminary injunction.  The case was referred to the

assigned magistrate judge for all pretrial proceedings, and a report and recommendation addressing the motions was submitted.  The Court adjudicated the motions in a consolidated ruling, rejecting the defendants' pleading challenge and the plaintiff's motions for dispositive relief.  *Wilson v. Smith*, No. 23-11666, 2024 WL 4349179, at *12 (E.D. Mich. Sept. 30, 2024), *appeal dismissed*, No. 24-1864, 2025 WL 52817 (6th Cir. Jan. 6, 2025).  The plaintiff appealed that ruling, but court of appeals dismissed the appeal upon stipulation of the parties.

After the case was remanded to this Court, the referral to the magistrate judge was renewed.  The parties engaged in discovery, and the defendants filed a motion for summary judgment.  On January 12, 2026, the magistrate judge filed a report recommending that the defendants' motion be granted and the case dismissed.

Remarkably, the only objections to that report came from the *defendants*, not the plaintiff.  In their "objections," the defendants conspicuously *do not* challenge the recommended disposition of the case, nor do they contest the magistrate judge's principal outcome-determinative factual conclusion.  Instead, they contend that the recommendation should be "rejected" because the magistrate judge reached the right result for the wrong reasons, and in so doing the defendants reiterate arguments that previously were considered and addressed by the Court in its ruling on the parties' earlier filed dispositive motions.  The defendants contend that the rationale for the dismissal recommendation is defective because (1) the complaint "essentially claims a protected interest in parole" which is not a recognized due process liberty interest, (2) the sex offender treatment in which Wilson participated was not "sufficiently invasive" to trigger any free-standing due process protected liberty interest, (3) the plaintiff was not "mandated" to participate in any sex offender programming, and (4) the plaintiff was not "classified as a sex offender" in the sense that the prevailing case law has held to be sufficient to raise due process concerns.

The case now is before the Court for fresh review of the magistrate judge's recommendation in light of the defendants' objections.

I.

When a party files timely objections to a report and recommendation, the court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(2), (3) (requiring court review of "any part of the magistrate judge's disposition that has been properly objected to") (emphasis added); *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

But this review is not plenary. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The parameters for the Court's consideration of motions for summary judgment under Federal Rule of Civil Procedure 56 are well-bounded. Summary judgment is appropriate "if the

- 3 -

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing the motion record, "[t]he court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 251-52 (1986)). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). The party bringing the summary judgment motion must inform the court of the basis for its motion and identify portions of the record that demonstrate that no material facts are genuinely in dispute. *Alexander*, 576 F.3d at 558 (citing *Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002)). "Once that occurs, the party opposing the motion then may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Ibid.* (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)).

The constitutional jurisprudence guarding personal rights under the Due Process Clause also is familiar ground. To prevail on a procedural due process claim in the context of this case, the plaintiff must show "(1) that [he has] been deprived of a cognizable liberty interest, and (2) that such deprivation occurred without adequate procedural protections." *Schulkers v. Kammer*, 955 F.3d 520, 545-46 (6th Cir. 2020) (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)).

A person convicted of a crime in a proceeding incorporating the procedural protections of the Sixth Amendment is subject to the curtailment of his liberty, but "a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime." *Wolff v. McDonnell*, 418

U.S. 539, 555 (1974). Nonetheless, a prisoner's liberty interest is subject to "the nature of the regime to which [he has] been lawfully committed." *Id.* at 556. In prison, that may include conditions of confinement that require rehabilitative programing, certain housing restrictions, and prison discipline. But "changes in the conditions of confinement having a substantial adverse impact on [a] prisoner are not alone sufficient to invoke the protections of the Due Process Clause as long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him." *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (cleaned up).

Nevertheless, a prisoner still may have a protectable liberty interest relating to certain conditions of confinement, which may arise from two sources. It may result from statutes and regulations that regularly bestow benefits to prisoners, the deprivation of which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). For instance, a prisoner does not have a constitutional right to be released on parole, *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987); *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), but if the state creates a parole system and routinely grants parole, a parolee has a liberty interest in that status and the state may not revoke parole without providing procedural due process, *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Similarly, prisoners are not entitled to good time credits against their sentence, but if the state enacts a system of conferring such credits, a prisoner has a liberty interest that prevents revocation without due process. *Wolff*, 418 U.S. at 558 (prisoners may not be deprived of statutory "good-time credits" without due process).

In addition, a prisoner has a liberty interest that protects him from a change in his conditions of confinement that is so severe that it essentially exceeds the sentence imposed by the court, that is, when there are "consequences visited on the prisoner [that] are qualitatively different from the

punishment characteristically suffered by a person convicted of crime." *Vitek*, 445 U.S. at 493. Courts refer to the first as a state-created liberty interest, and the second as a free-standing liberty interest. *Renchenski v. Williams*, 622 F.3d 315, 325 (3d Cir. 2010).

## II.

The Court discussed all of this in its previous ruling when it held that the plaintiff had failed to identify any state-created liberty interest, and that issue is not revisited in the present motion. The Court also held that the plaintiff had identified a free-standing due process liberty interest. ECF No. 72, PageID.872-74. However, it found that questions of fact precluded any dispositive ruling on the claims, principally because doubts lingered about whether the preliminary examination before the state court magistrate was sufficient to dispel any due process concerns about whether the plaintiff had sufficient notice and an opportunity to present contrary evidence to rebut the allegations of sexual misconduct. *Id.* at PageID.878-79. The defendants never sought reconsideration of that ruling, and it appears that they intend to remedy their procedural shortcoming by raising the same previously rejected arguments in the form of objections to the magistrate judge's report.

As a threshold matter, the defendants' novel position that the recommendation should be rejected because the magistrate judge reached the right result for the wrong reason does not comprise proper "objections" to a recommended disposition. It is a venerable and ancient principle "[i]n the review of judicial proceedings [] that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason." *Helvering v. Gowran*, 302 U.S. 238, 245 (1937). The "objections" to supposed errors in a magistrate judge's report that are immaterial to the outcome — particularly where the report endorses fully the dispositive result for which defendants have moved — do not constitute proper grounds to reject

- 6 -

a magistrate judge's recommendation.  *G.E. v. Williamson Cnty. Bd. of Educ.*, 731 F. Supp. 3d 954, 965 n.2 (M.D. Tenn. 2024) ("Even if the Court considered and agreed with WCS's objection, it would not change the outcome of the R&R or the Court's decision here."); *see id.* at 977 ("[A]s to G.E. and S.B.'s contention that the Magistrate Judge was incorrect as to the timing of G.E. and S.B. turning down a September 2020 IEP meeting, the Court finds this argument of no consequence."), *aff'd*, No. 24-5969, 2026 WL 384250 (6th Cir. Feb. 11, 2026).

Moreover, the defendants' objections encompass arguments that were briefed exhaustively and considered fully (and rejected) by the Court in its prior ruling.  The "reexamination of the exact same argument[s] that [were] presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act,'" and such "objections" are not properly before the district court.  *Overholt v. Green*, No. 11-00186, 2018 WL 3018175, at *2 (W.D. Ky. June 15, 2018) (quoting *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).  The failure to file legally cognizable objections to a magistrate judge's report and recommendation constitutes a waiver of any right to further judicial review.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  In this instance the defendants have failed to present legally sufficient grounds for rejection of the recommendation for dismissal, which in fact they urge the Court to *adopt*.

Nevertheless, even if the defendants' arguments properly were before the Court, all of the objections are without merit and comprise legal and factual contentions that were considered fully and rejected by this Court in its prior ruling.  The earlier rounds of dispositive motions presented by both sides were exhaustively briefed and covered all of the same issues which now are once again before the Court.  In its prior opinion, the Court included an extensive discussion of the case law, *see* ECF No. 72, PageID.868-74, and the defendants have cited no intervening decisions

bearing on any of the questions presented.  The magistrate judge's reasoning closely tracks the Court's prior ruling and cogently addresses the issues left open by the earlier decision (mostly factual issues), which the parties have addressed through supplemental discovery and motion practice.

The defendants contend that the plaintiff has failed to advance a viable due process claim for several reasons, because, they say, he "essentially claims a right to parole," and because he has not identified a cognizable due process interest since, according to them, the requirement for participation in sex offender programming was not "mandatory," and the programming was not "sufficiently invasive" to trigger due process concerns.

First, as the magistrate judge correctly observed, the defendants' argument that there is no due process protected right to parole simply misconstrues the substance of the claims.  The plaintiff alleges more than that here; he contends that his housing assignment was changed, and that he was subjected to sex offender programming for which his successful participation was in practice mandated in order to secure genuine consideration for parole.

Second, based on the allegations of the pleadings and the record evidence reviewed by the magistrate judge, it is undisputed, at a minimum, that the plaintiff's housing placement was altered, that during the parole process he was subjected to repeated evaluations under the rubric of the corrections department's "Sex Offender Risk Assessment (SORA)," and that, after he initially was declined for release on parole, he was "recommended" by the Parole Board to participate in the "Michigan Sexual Assault Prevention Program (MSAPP)."

The defendants insist that MSAPP programming was not "mandated," but the magistrate judge observed that the plaintiff had submitted declarations from himself and two other inmates attesting to the fact that in practice the "recommendation" to complete MSAPP programming is a

*de facto* mandate, because inmates who fail or refuse to participate in the programming are not approved for parole.  The magistrate judge also reviewed papers from the plaintiff's prison file documenting that he repeatedly was informed by prison authorities that completion of MSAPP programming was dictated or "ordered" by the parole board.  R&R, ECF No. 137, PageID.1878.  Based on the record presented, there was no error in the magistrate judge's finding that the record sustains a genuine question of material fact about whether the plaintiff was subjected to a "mandate" or merely a "recommendation" that he participate in sex offender programming.

As the Court previously found, evidence that the plaintiff was subjected to the application of "sex offender" classification, when accompanied by significant consequences such as the requirement to participate in certain programming in order to secure release on parole, and without any formal procedural process for challenging the designation, is sufficient to make out a viable due process claim.  After a thorough survey of the case law on point, the Court previously held that the altered housing placement and an alleged sex offender programming mandate at a minimum were sufficient to implicate a free-standing due process protected liberty interest. ECF No. 72, PageID.873-74, *Wilson v. Smith*, No. 23-11666, 2024 WL 4349179, at *12 (E.D. Mich. Sept. 30, 2024).  As the Court explained:

> The Sixth Circuit has not addressed whether a prisoner has a free-standing liberty interest in not being classified as a sex offender when the offense of conviction is not a sex crime. However, in *Harper v. Arkesteyn*, No. 19-1928, 2020 WL 4877518 (6th Cir. Apr. 28, 2020), the court acknowledged the line of authority discussed above and, concluding that the district court had erred by misconstruing the plaintiff's classification claim as one merely challenging the plaintiff's designation to a place of confinement, remanded the case for further consideration of the due process claim.
>
> The cases discussed above establish that a prisoner who has not been convicted of a sex crime has a free-standing liberty interest in not being labeled as a sex offender because that designation causes stigmatization and can result in institutional consequences that are qualitatively different from the nature of the punishment that normally attends a conviction. The "plus" part of this "stigma plus" regime has included special housing designations for sex offenders, heightened security

classification, invasive sex offender therapy, and mandatory sex offender counseling when nonparticipation might lead to denial or revocation of parole or the loss of good time credits.

*Id.* at PageID.871-72, 2024 WL 4349179, at *11 (citing *Vitek v. Jones*, 445 U.S. 480 (1980); *Renchenski v. Williams*, 622 F.3d 315 (3d Cir. 2010); *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004); *Chambers v. Colorado Dep't of Corr.*, 205 F.3d 1237 (10th Cir. 2000); *Kirby v. Siegelman*, 195 F.3d 1285 (11th Cir. 1999); *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997)).  The defendants persist in a contrary reading of the cases on point, but they have supplied no new legal authority calling into question the correctness of the conclusions reached in the Court's prior ruling.

The principal facts bearing on the second *prima facie* element requiring the plaintiff to show that he was deprived of adequate process also appear to be undisputed.  As the Court previously observed, it is undisputed that the plaintiff initially was designated as having a history of sex offenses during a screening session, that he objected then and several times thereafter to the designation to no avail, that he requested a formal administrative hearing to contest the designation, that he never received any such hearing, and that he filed grievances about the designation and pursued them through the appropriate stages.  The Court previously found those facts sufficient to make out a viable threshold pleading of the second element of a procedural due process claim.  ECF No. 72, PageID.873, 2024 WL 4349179, at *13.  Discovery does not appear to have produced any evidence calling those basic facts into question.

Nevertheless, the Court found the record wanting on the question of whether the procedural protections afforded to the plaintiff at a preliminary examination in the criminal trial court were sufficient to allay any due process procedural concerns.  ECF No. 72, PageID.878-79, 2024 WL 4349179, at *15.  After remand from the court of appeals, the parties engaged in discovery concerning that proceeding.   The magistrate judge summarized the circumstances of the

preliminary examination in her report, and those circumstances as well appear to be undisputed in all material respects:

> At his preliminary examination, Wilson was provided prior notice of his charges, evidence was presented, the victim testified, he had the opportunity to present evidence and cross examine witnesses, he was represented by counsel, and a neutral decisionmaker determined that there was probable cause that Wilson had committed two counts of sexual assault. The factfinder placed on the record the reasons for finding that Wilson had committed the crimes of sexual assault, citing the testimony of the victim and a nurse who examined the victim after the assault finding bodily injury including anal tears and swelling.

R&R, ECF No. 137, PageID.1885-86 (citing Criminal Docket, ECF No. 100-2; Prelim. Exam. Tr., ECF No. 100-3, PageID.1220-22).  The magistrate judge concluded on the basis of that record, in accord with the Court's prior ruling, that without question the plaintiff received sufficient due process procedural opportunities to challenge the factual premises that were relied upon by prison authorities to impose the sex offender designation, and that he therefore could not prevail on a claim that he was deprived of any additional formal process.

The defendants raise no objection to the magistrate judge's conclusion on this final point, which is fatal to the plaintiff's due process claim.  The plaintiff, for his part, has not presented any objections to the disposition.

III.

The defendants' response to the report and recommendation was timely filed, but it does not present legally cognizable objections to the recommendation for dismissal, and all of the arguments presented are without merit and previously were considered and rejected by the Court. The defendants have not identified any outcome-determinative error in the magistrate judge's reasoning or conclusions.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 137) is **ADOPTED**, the defendants' objections (ECF No. 138) are **OVERRULED**, the

- 12 -

defendants' motion for summary judgment (ECF No. 126) is **GRANTED**, and the complaint is

**DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 5, 2026